# IN THE UNITED STATES DISTRICT COURT
## OF THE NORTHERN DISTRICT OF GEORGIA

Bennie Parks,       )    Civil Action No.

           Plaintiff,      )

     v.                 )

COL Asset Management, LLC.;    )    **COMPLAINT**
DOES1-10, inclusive,        )    **JURY TRIAL DEMANDED**

         Defendants.     )

For this complaint, the Plaintiff, Bennie Parks, by undersigned counsel states as follows:

## JURISDICTION

1.    This action arises out of Defendants' repeated violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390, et seq., Georgia Industrial Loan Act (GILA) and the invasion of Plaintiff's privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.    Supplemental jurisdiction exist pursuant 28 U.S.C. § 1367.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that the

Defendants transact business in this district and a substantial portion of the acts giving rise to this action occurred in this district.

## PARTIES

4.     The Plaintiff, Bennie Parks ("Plaintiff"), is an adult individual residing in Atlanta, Georgia, and is a "Consumer" as the term is defined by 15 U.S.C. § 1692a(3). The Defendant COL Asset Management (COL) Is a New York State business entity with an address of 350 MAIN STREET, SUITE 1400 BUFFALO, NEW YORK, 14202. Operating as a collection agency, and is a "Debt Collector" as the term is defined by 15 U.S.C. § 1692a(6). (Ex. 1).

5.     Does 1-10 (the "Collectors") are individual collectors employed by COL and whose identities are currently unknown to the Plaintiff. One or more of the collectors may be joined as parties once their identities are disclosed through discovery.

6.     COL at all times acted by and through one or more of the collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. THE DEBT

7.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to in original creditor (the "Creditor").

8.     The debt was a payday as defined by O.C.G.A. 16-17-2 (2010).

9.     That arose from services provided by the original creditor, which are

primarily for family, personal or household purposes, which meet the definition

of a "debt", under 15

U.S.C. § 1692a(5).

10.    The debt was purchased, assigned or transferred to COL for collection, or

COL was employed by the creditor to collect the debt.

11.    The Defendant attempted to collect the debt, as such,

engaged in "communications" as defined in 15 U.S.C. §

1692a(2).

## B. COL ENGAGES IN HARASSMENT AND ABUSIVE TACTICS

12.    Within the last year, COL began calling Plaintiff in an attempt to

collect the debt from number (844) 526-5423 a Voice over Internet Protocol

or VoIP number. A representative from COL, Mr. Ferguson, threatened

Plaintiff with a lawsuit, arrest and "social security number flagging." (Ex. 2).

13.    COL, to date, never furnished Mr. Parks with a notice letter or

communication informing him the debt alleged had been transferred to a

collection agency. (Ex. 3).

14.    On or around April 26, 2016, a representative from COL, Douglas Ferguson, called Mr. Parks' brother and it attempt to collect a debt. (id.).

15.    Mr. Ferguson left a voicemail stating that he was a senior processor with the legal department of COL. (id.).

16.    Mr. Ferguson stated he was authorized to issue a "certificate of disposition" to Mr. Parks home and place of employment. To date no legal action has been taken. (id.).

17.    Mr. Ferguson further threatened Mr. Parks stating a process server would be dispatched to his home and place of employment. (id.).

18.    Mr. Ferguson threatened of consequences if his call we're not returned; subject to federal law. (id.).

19.    Mr. Ferguson issued a docket number 119732 – US to Mr. Parks. After expensive research we have established this number non existent. (id.).

## C. PLAINTIFF SUFFERED ACTUAL DAMAGES

20.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21.    As a direct consequence of the Defendants' acts, practices and conduct, the plaintiff suffered and continues to suffer from humiliation, anger, anxiety,

emotional distress, fear, frustration and embarrassment.

22.     The Defendants' conduct was so outrageous in character, and so extreme in degree, asked to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

23.     The Plaintiff incorporates by reference all of the above paragraphs of this complaint though fully stated therein.

24.     The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants' communicated with individuals other than the Plaintiff, the Plaintiffs attorney, or credit bureau.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass a press or abuse the Plaintiff in connection with the collection of the debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that the Defendant was unable to validate the debt and falsely represented the character in amounts and status of the debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threaten to take legal action, without actually intending to do so.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

29.     The Defendants' conduct violated 15 U.S.C. § 1692f in that the Defendants used unfair and unconscionable means to collect a debt.

30.     The foregoing acts and omissions of Defendants continue numerous in multiple violations of the FDCPA, including every one of the above cited provisions.

31.     The Plaintiff is entitled to damages as a result of Defendants' violations

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-391, *et seq.*

32.     The Plaintiff incorporates by all reference all of the above paragraphs of this complaint as the fully stated therein.

33.     The Plaintiff is a "consumer" as a term is defined by O.C.G.A. § 10-1-392(6)

34.     The Plaintiff incurred debt as a result of engaging into "[c]onsumer transactions" as a term is defined by O.C.G.A. § 10-1-392(10)

35.     The Defendant unfair or deceptive acts to collect the debt incurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

36.     The Plaintiff suffered mental anguish, emotional distress and in an amount to be proven at trial.

37.     Defendants' failure to comply with these provisions constitutes an unfair or deceptive act buy under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## COUNT III

## PUBLIC DISCLOSURE OF EMBARRASSING PRIVATE FACTS

38.     The Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

39.     The acts, practices and conduct engaged by the Defendant and complained of here in constitute a public disclosure of embarrassing private facts about the Plaintiff under the Common Law of the State of Georgia.

40.     The facts disclosed to the public have been private and their public disclosure is offensive and objectionable to a reasonable person.

41.    The Plaintiff has suffered and continues to suffer actual damages as a result of the ongoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by Defendants. All acts of Defendants in the collectors complained of here in were committed with malice, intent, wantonness, recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that judgment be entered against defendants:

1.    Actual damages pursue went to 15 U.S.C. § 1692(k)(a)(1) and O.C.G.A. § 10-1-399(a) against defendants;

2.    Statutory damages of $1000 pursuant to 15 U.S.C. § 1692(k)(2)(a) against Defendants;

3.    Treble damages pursuant to O.C.G.A. § 10-1-399(c) against Defendants;

4.    Cost of litigation and reasonable attorneys fees pursuant to 15 U.S.C. § 1692(k)(a)(3) and O.C.G.A. § 10-1-399(d) against Defedants;

5.    Actual Damages from Defendants for all damages including emotional distress suffered as a result of intentional, reckless, and/or negligent FDCPA violations and intentional, recklessness, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6.    Punitive damages  pursuant to O.C.G.A. § 10-1-399(a) against defendants; and

7.    Such other and further relief as maybe just and proper.


## TRIAL BY JURY DEMAND ON ALL COUNTS

Dated: 06/16/2016

Respectfully submitted,

By: David A. Prado, Esq.
Attorney Bar No. 876286
Attorney for Plaintiff Bennie Parks
The Prado Law Firm, PC.
3056 Greyfield Place
Marietta, GA 30067
OFFICE: (706) 431-7297
MOBILE: (770) 597-3269
E-mail: Dprado@ThePradoLawFirm.com

**IN THE UNITED STATES DISTRICT COURT**
**OF THE NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| Bennie Parks, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COL Asset Management, LLC.; | ) | **COMPLAINT** |
| DOES1-10, inclusive, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF BENNIE PARKS'S CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Plaintiff Bennie Parks hereby files this Certificate of Interested Persons and Corporate Disclosure Statement. Pursuant to Fed R. Civ. P. 7.1 and Local Rule 3.3, Plaintiff states as follows:

1) The undersigned counsel of record for Plaintiff certifies that the following is a full and complete list of all parties in this action, including any parent corporation and any publicly held corporation that owns 10% or more of the stock of any party:

   a. Plaintiff Bennie Parks

   b. Defendant COL Asset Management, LLC., headquartered in the State

of New York.

   c.  Collector acting on behalf of COL Asset Management, LLC., Douglas Ferguson

   d.  Registered with Vaspian, Telephone number VoIP provider, COL Asset Management Representative Chris Mahoney.

   e.  Registered Representative with New York Secretary of State Jeffrey T. Bochiechio, Esq.

2) The Plaintiff does not have a parent corporation. The undersigned further certifies that the following is a full and complete list of all other persons, associations, firms, partnerships, or corporations having either a financial interest or other interest which would be substantially affected by the outcome of this particular case:

   a.  Defendant COL Asset Management, LLC.

3) The undersigned further certifies that the following is a full and complete list of all person serving as attorneys for the parties in this proceeding:

   a.  David A. Prado, Esq., attorney for the Plaintiff.

Dated: 06/16/2016

Respectfully submitted,

By: David A. Prado, Esq.
Attorney Bar No. 876286
Attorney for Plaintiff Bennie Parks
The Prado Law Firm, PC.
3056 Greyfield Place
Marietta, GA 30067
OFFICE: (706) 431-7297
MOBILE: (770) 597-3269
E-mail: Dprado@ThePradoLawFirm.com

3