IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BENNIE PARKS, ) | |
| ) | CIVIL ACTION NO. |
| Plaintiff, ) | 1:16-cv-2011 |
| ) | |
| v. ) | |
| ) | |
| COL ASSET MANAGEMENT, LLC, INC., ) | |
| and DOES 1-10, INCLUSIVE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### PLAINTIFF'S MOTION TO VACATE VOLUNTARY DISMISSAL PURSUANT TO RULE 60(B)

COMES NOW, Plaintiff Bennie Parks, by and through his undersigned counsel, hereby moves to set aside the voluntary dismissal of the above case pursuant to F.R.C.P. Rule 60(b).

### SUMMARY

Plaintiff requests this Court vacate its order dismissing the above case and allow Plaintiff to serve Defendant at newly discovered locations where its officers may be found.

### FACTS

Plaintiff filed his complaint in this action on June 16, 2016 against Defendant, a limited liability company incorporated in New York. Plaintiff could not locate Defendant at the address listed with the New York Department of State

("DOS"). Defendant has no registered agent in Georgia or in New York. On July 12, 2016 Plaintiff received notice from the Sheriff in Erie County, New York purportedly confirming that service had been perfected upon Jeffrey Bochiechio, the selected person to whom DOS would mail process if accepted on behalf of Defendant. (Docket 2). Defendant never responded with an answer. On November 29, 2016, this Court filed an order that Plaintiff show cause regarding want of prosecution. In the order, the Court raised doubts as to the validity of service upon Defendant. (Docket 2). After researching the relevant case law, Plaintiff agreed with the Court and voluntarily dismissed the action, which the Clerk entered on January 27, 2017. (Docket 8). Since that time, Plaintiff has diligently searched for Defendant's officers who may be personally served. Plaintiff has located at least one officer and requests that the Court vacate the voluntary dismissal entered on January 27, 2017 so that Plaintiff may properly serve that officer and continue the case.

## LEGAL BACKGROUND

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for... newly discovered evidence that, with reasonable diligence, could not have been discovered in time for a new trial under Rule 59(b)." FRCP Rule 60(b)(2). "While the Eleventh Circuit has not directly addressed the issue, a majority of circuits have found that a

voluntary dismissal without prejudice is a final proceeding under Rule 60(b)." *Curry v. O'Brien*, 2014 U.S. Dist. LEXIS 24966 (N.D. Ga. February 27, 2014). See *Yesh Music v. Lakewood Church*, 727 F. 3d 356, 362-63 (5th Cir. 2013). A motion made under Rule 60(b) must be made in a reasonable time and for purposes of this motion no more than one year after the entry of final judgment. FRCP Rule 60(c)(1).

## ANALYSIS

FRCP 60(c) requires that motions made pursuant to Rule 60(b)(1) or Rule 60(b)(2) be made within a reasonable time and no later than one year after entry of final judgment. The order granting voluntary dismissal was granted on January 27, 2017. This motion is timely filed, well within one year after the entry of final judgment and comes promptly after discovering the new addresses by which Defendant's officers may be personally served. As a result, the motion is made within a reasonable time and complies with Rule 60(c).

FRCP 60(b)(2) allows this Court to vacate a final order on the showing that newly discovered evidence that, with reasonable diligence could not have been discovered in time for a new trial pursuant to Rule 59(b). At the time of dismissal Plaintiff did not have access to any addresses where Defendant could properly be served process. As a result, Plaintiff's discovery of additional addresses where Defendant's officers may be found allows for relief pursuant to Rule 60(b)(2).

WHEREFORE, Plaintiff respectfully requests the Court set aside the Order of Dismissal.

This 8rd day of March, 2017.

                ATTORNEY FOR THE PLAINTIFF
                DAVID PRADO

                Respectfully submitted,

                <u>S/David A. Prado, Esq.</u>
                By: David A. Prado, Esq.
                Attorney Bar No. 876286
                Attorney for Plaintiff Bennie Parks
                MacPherson & Prado, LP
                2256 Roswell Road, Suite 100
                Marietta, GA 30062
                OFFICE: (706)431-7297
                MOBILE: (770)597-3269
                Email: dprado@georgiacollectiondefense.com