UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BENNIE PARKS,<br><br>    Plaintiff,<br><br>v.<br><br>COL ASSET MANAGEMENT, LLC,<br>INC. and DOES 1-10, INCLUSIVE,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:16-CV-2011-CAP |

## O R D E R

This matter is before the court on the plaintiff's motion to vacate [Doc. No. 5] his own voluntary dismissal of the case.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, on motion and just terms, the court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or

applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1)-(6).

Here, the plaintiff relies upon subsection 2 to support his motion; he contends that since he did not have information about where to personally serve the corporate defendant's officers when he voluntarily dismissed this action and now he has that information, the dismissal should be vacated. The plaintiff offers no explanation of why he did not undertake efforts to locate these addresses earlier.  This is particularly true in light of the court's November 29, 2016, order alerting him to questions about the validity of service based upon what had been filed on the docket up to that point. Moreover, the plaintiff has not even suggested that there was any attempt by the corporate defendant to avoid service.

Because the "new evidence" relied upon by the plaintiff could have been discovered with reasonable diligence prior to the voluntary dismissal, the motion to vacate pursuant to Rule 60(b)(2) is DENIED.

**SO ORDERED** this  15th  day of March, 2017.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge